UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

Miguel Faura

    Plaintiff,

v.

TPH HOLDINGS FLORIDA LLC d/b/a
THE PARTS HOUSE

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Miguel Faura (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, TPH HOLDINGS FLORIDA LLC d/b/a THE PART HOUSE. (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA") and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA"), to redress injuries resulting from Defendant's unlawful, disability-based discriminatory of and retaliation against Plaintiff.

### PARTIES

2. Plaintiff, Miguel Faura, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant TPH HOLDINGS FLORIDA LLC., d/b/a THE PART HOUSE is a foreign limited liability company authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, *et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to employment discrimination provisions of the applicable statute, the FCRA.

5. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

6. At all times material hereto Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

8. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

## JURISDICTION AND VENUE

9. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

10. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

11. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

12. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

13. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

14. On or around, October 25th, 2018, the Plaintiff was hired by the Defendant as a driver.

15. On or around, February 15th, the Plaintiff was diagnosed with prostate cancer and immediately informed the Defendant by informing the Defendant's operations manager, Juan Ramirez. Juan Ramirez expressed concern for the Plaintiff's health.

16. The Plaintiff also disclosed his diagnosis to Monica Rudas, who is the direct supervisor for the Defendant and Albert Montaner, who was general manager for the Defendant.

17. On or around July 2nd, 2020, the Plaintiff was examined and treated by Dr. Michael Rogoff at Mount Sanai Hospital for prostate cancer.

18. On or around July 13th, 2020, the Plaintiff was cleared to work by Dr. Michael Rogoff, and able to complete his full duties, and lift up to 50 pounds.

19. On or around September 9th, 2020, the Plaintiff was out to deliver products in the North Miami area when on the way back from the delivery, the Plaintiff had a strong stomach colic, and stopped at a Publix located on 12855 NE 6th Ave, North Miami, FL, to use the bathroom.

20. Upon return to the office in Miami from the delivery, Juan Ramirez spoke to the Plaintiff and said the central office of the Defendant located in Jacksonville tracks about each vehicle and detected the Plaintiff's route deviation. Juan Ramirez told the Plaintiff this situation would not be tolerated and then terminated the Plaintiff. The Plaintiff protested

by saying the Plaintiff's medical condition caused the route deviation; however, the Defendant proceeded with terminating the Plaintiff regardless.

21. As a result of Defendant's discriminatory treatment of Plaintiff based on his disability, Plaintiff has suffered damaged and was forced to retain undersigned counsel

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as is set out in full herein.

23. Plaintiff is a member of a protected class under the ADA.

24. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

25. Such discrimination was based upon the Plaintiff's disability in that the Plaintiff would not have been the object of discrimination but for the fact of her medical condition.

26. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

27. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

28. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

29. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

30. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

31. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

32. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

33. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

34. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

35. Defendant is a covered employer to which the ADA applies.

36. Defendant constructively discharged Plaintiff from employment because of Plaintiff's disability.
37. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable her to be employed by Defendant, as required under the ADA.
38. Defendant's constructive discharge of Plaintiff on the basis of her disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated the ADA.
39. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;
b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;
c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;
d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and
e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as is set out in full herein.

41. Plaintiff is a member of a protected class under the FCRA.

42. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

43. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered a work-related injury/medical condition.

44. Defendant's conduct complained of herein is willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

45. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

46. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

47. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

48. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

49. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice and reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law to punish the Defendant for its actions and to deter it, and others from such action in the future.

50. Defendant constructively discharged Plaintiff from employment because of Plaintiff's disability.

51. Defendant's constructive discharge of Plaintiff on the basis of her disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated the FCRA.

52. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223